UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JAVIER MONGE,
    Plaintiff,
vs.

DEL PRETE FAMILY LIMITED
PARTNERSHIP and
MJB ALE HOUSE, INC.,
    Defendants.

## COMPLAINT

Plaintiff, JAVIER MONGE, by his undersigned counsel, hereby files this Complaint against Defendants, DEL PRETE FAMILY LIMITED PARTNERSHIP and MJB ALE HOUSE, INC. (the "Defendants") for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (the ADA) and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG").

## JURISDICTION

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** Plaintiff currently resides in the Bronx, New York.

**3.** Plaintiff suffers from cerebral palsy, must ambulate in a wheelchair, has difficulty pinching and grasping with his hands, and is a qualified individual with disabilities under the ADA.

**4.** Plaintiff visited the property in the spring of 2022 to enjoy the goods and services offered therein and encountered barriers to access. Plaintiff desires and intends to return to the

1

Facility to enjoy to goods and services offered therein. However, his access to the Facility continues to be denied and/or substantially limited. His access will continue to be denied until Defendants remove the barriers, including those set forth in the Complaint at Paragraph 18 below.

5. Plaintiff intends to return to the restaurant soon for both dinner and brunch but is deterred from visiting again due to the substantial barriers listed at Paragraph 18.

6. Plaintiff desires to return to enjoy the cajun specialties, such as hush puppies and Jambalaya pasta, as well as the brunch specialties such as oreo pancakes.

7. Plaintiff intends to return to the restaurant next spring for a family gathering/reunion.

8. Defendant, DEL PRETE FAMILY LIMITED PARTNERSHIP, transacts business in the State of New York and within this judicial district. Defendant is the owner and/or lessor, of the real property located at 40-12 Bell Blvd., Bayside, NY 11361 where the restaurant known as BOURBON STREET is located (the "Facility").

9. Defendant, MJB ALE HOUSE, INC. transacts business in the State of New York and within this judicial district. Defendant is the lessee of the Facility located at 40-12 Bell Blvd., Bayside, NY 11361 and the owner and/or operator of a restaurant known as BOURBON STREET (the "Facility").

10. The Facility is a place of public accommodation under the ADA.

11. Plaintiff has suffered legal harm and injury in fact, as he visited the Facility to enjoy the goods and services provided therein, encountered barriers to access, and desires and intends to re-visit the Facility again, but is unable to do so until the barriers to access are remediated.

12. The barriers alleged in Paragraph 15, by their very nature, prevent Plaintiff and other wheelchair bound patrons from accessing the premises and enjoying the goods and services offered therein.

13. The removal of the alleged barriers can be accomplished without much difficulty or expense.

14. All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises is in the Southern District.

## FACTUAL ALLEGATIONS AND CLAIM

15. Plaintiff has attempted to access the Facility to enjoy the goods and services offered therein but could not do so without substantial hardship due to his disability, which requires him to ambulate in a wheelchair, and the significant barriers to access existing at the Facility.

16. Plaintiff intends to visit the Facility in the future to enjoy to goods and services offered therein. However, his access to the Facility continues to be denied and/or substantially limited. His access will continue to be denied until Defendants remove the barriers, including those set forth in the Complaint at Paragraph 15 below.

17. Defendants have discriminated against Plaintiff by denying him full access to the goods, services and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, et. seq., and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), will continue to discriminate against Plaintiff unless and until Defendants remove all physical barriers including those specifically set forth below.

18. Defendants have discriminated against Plaintiff by failing to remedy the ADA violations, which by their nature, affect Plaintiff and other wheelchair bound plaintiffs. A

3

specific list of ADA violations which preclude and/or limit Plaintiff's ability to access the facility and to enjoy the goods and services offered therein, include the following:

    **I.**      **BAR**

        **a.**      The bar located on the ground floor of the Facility is non-compliant as it is too high and does not have the required minimum knee and toe clearance in violation of ADAAG 226, 902 and 306.

    **II.**      **SEATING**

        **a.**      There are no accessible tables in the bar area and with the proper heigh and minimum knee and toe clearance in violation of the ADAAG 226, 902 and 306.

        **b.**      There are no accessible tables located in the main dining area on the ground floor with the minimum knee and toe clearance in violation of ADAAG 226, 902 and 306.

    **III.**      **RESTROOMS ON GROUND FLOOR**

        <u>The Men's restroom located on the ground floor</u>

        **a.**      The restroom lacks compliant signage identifying the restroom in violation of ADAAG 216 and 703.

        **b.**      The required minimum clear width is not provided at the door of the restroom in violation of ADAAG 206, 402 and 404.

        **c.**      The required minimum maneuvering clearance is not provided at the door of the restroom in violation of ADAAG 206, 402 and 404.

        **d.**      The required minimum turning space is not provided in violation of ADAAG 603 and 304.

        **e.**      The required minimum clear width is not provided at the door of the toilet compartment in violation of ADAAG 604 and 404.

        **f.**      The required minimum maneuvering clearance is not provided at the door of the first toilet compartment in violation of ADAAG section 604 and 404.

        **g.**      The door to the toilet compartment swings into the compartment in violation of ADAAG section 604.

        **h.**      The door lock of the toilet compartment is too high in violation of ADAAG section 404.

        **i.**      The required minimum space is not provided in the toilet compartment in violation of ADAAG section 604.

        **j.**      The required minimum clearance is not provided at the toilet in the toilet compartment in violation of ADAAG section 604.

        **k.**      There are no compliant grab bars on the rear and side walls of the water closet in violation of ADAAG section 604.

        **l.**      The plumbing valves being located directly behind the toilet seat in violation of ADAAG section 604.

| | |
|---|---|
| **m.** | The first of two urinals in the restroom does not have the required clear floor space in violation of ADAAG section 605 and 305. |
| **n.** | The first of two urinals in the restroom is mounted at a non-compliant height in violation of ADAAG section 605. |
| **o.** | The second of two urinals in the restroom is mounted at a non-compliant height in violation of ADAAG section 605. |
| **p.** | The required minimum knee and toe clearance is not provided at the sink in violation of ADAAG section 606 and 306. |
| **q.** | The mirror located in the restroom is too high in violation of ADAAG section 603. |
| **r.** | The restroom is inaccessible due to a lack of insulation on the pipes and water lines under the lavatory in violation of ADAAG section 606. |

<u>Women's restroom on the ground floor</u>

| | |
|---|---|
| **a.** | The restroom does not provide identifying signage as required by ADAAG section 216 and 703. |
| **b.** | The required minimum clear width is not provided at the door of the restroom in violation of ADAAG section 206, 402 and 404. |
| **c.** | The required minimum maneuvering clearance is not provided at the door of the restroom in violation of ADAAG section 206, 402 and 404. |
| **d.** | The required minimum turning space is not provided in violation of ADAAG section 603 and 304. |
| **e.** | The first of two toilet compartments does not have the required minimum clear width at the door in violation of ADAAG section 604 and 404. |
| **f.** | The required minimum maneuvering clearance is not provided at the door of the first of two toilet compartments in violation of ADAAG section 604 and 404. |
| **g.** | The required minimum turning space is not provided at the first of two toilet compartments in violation of ADAAG section 604. |
| **h.** | There is an inaccessible toilet in the first of two toilet compartments that does not have the required minimum clearance at the water closet in violation of ADAAG section 604. |
| **i.** | Grab bars are not provided on the side and rear walls of the first of two toilet compartments in violation of ADAAG section 604. |
| **j.** | The plumbing valves are located directly behind the toilet seat of the water closet in the first of two toilet compartments in violation of ADAAG section 604. |
| **k.** | The required minimum clear width is not provided at the door of the second of two toilet compartments in violation of ADAAG section 206, 402 and 404. |
| **l.** | The required minimum maneuvering clearance is not provided at the door of the second of two toilet compartments in violation of ADAAG section 604 and 404. |

    **m.**    The required minimum space is not provided at the second of two toilet compartments in violation of ADAAG section 604.

    **n.**    There is an inaccessible toilet in the second of two toilet compartments that does not have the required minimum clearance at the water closet in violation of ADAAG section 604.

    **o.**    Grab bars are not provided on the side and rear walls of the second of two toilet compartments in violation of ADAAG section 604.

    **p.**    The plumbing valves are located directly behind the toilet seat of the water closet in the second of two toilet compartments in violation of ADAAG section 604.

    **q.**    The lavatory is inaccessible due the required minimum knee and toe clearance not being provided in violation of ADAAG 606 and 306.

    **r.**    The pipes and water lines under the lavatory are not insulated in violation of ADAAG section 606.

    **s.**    The hand soap dispenser is mounted too high in violation of ADAAG section 606 and 308.

**IV.**     **STAIRWELL**

    **a.**    Handrails are not provided on both sides of the stairs leading to the second level in violation of ADAAG section 206, 402, 405 and 505.

    **b.**    There is no ramp, lift or elevator leading to the second floor in violation of ADAAG 402 and 405.

**V.**     **MEN'S RESTROOM ON SECOND LEVEL**

    **a.**    Compliant signage identifying the men's restroom is not provided in violation of ADAAG sections 216 and 703.

    **b.**    The required minimum clear width is not provided at the door of the restroom in violation of ADAAG sections 206, 402 and 404.

    **c.**    The required minimum maneuvering clearance is not provided at the door of the restroom in violation of ADAAG sections 206 and 404.

    **d.**    The doorknob of the restroom is inaccessible because it requires pinching and twisting of the wrist in violation of ADAAG sections 404 and 309.

    **e.**    The toilet compartment does not have the required minimum clear width the door in violation of ADAAG sections 604 and 404.

    **f.**    The required minimum maneuvering clearance is not provided at the door of the toilet compartment in violation of ADAAG sections 604 and 404.

    **g.**    The door swings into the toilet compartment in violation of ADAAG section 606.

    **h.**    The required minimum space is not provided in the toilet compartment in violation of ADAAG section 604.

    **i.**    The water closet is inaccessible due to the required minimum clearance not being provided in violation of ADAAG section 604.

    **j.**    Grab bars are not provided on the side and rear walls in violation of ADAAG section 604.

    **k.**    The coat hook is mounted too high in violation of ADAAG sections 604 and 308.

    **l.**    The required minimum knee and toe clearance is not provided at the lavatory in violation of ADAAG sections 606 and 306.

    **m.**    The mirror is mounted too high in violation of ADAAG section 603.

**VI. SEATING**

    **a.**    The tables located at the rooftop dining area are in accessible as they are too high and do not provide the minimum required toe and knee clearance in violation of ADAAG sections 226, 902 and 306.

    **b.**    The bar at the rooftop dining area exceeds the maximum height allowance, does not have a portion the bar that is accessible and it does not provide knee and toe clearance in violation of ADAAG sections 226, 902 and 306.

**19.** The above listing may not include all the barriers countered by Plaintiff and/or which exist at the facility. Plaintiff requires an inspection of the facility to determine all the ADA violations.

**20.** The removal of the ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

**21.** Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

**22.** The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**23.** Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Dated: October 6, 2022

Respectfully submitted,

*s/ Jennifer E. Tucek*
Law Office of Jennifer Tucek, PC
*Attorney for Plaintiff*
Bar No. JT2817
315 Madison Avenue, #3054
New York, N.Y. 10017
(917) 669-6991
TucekLaw@Gmail.com